IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMIAN Y. JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-cv-560-MJR |
| | ) |
| DuQUOIN POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Federal Correctional Institution located in Manchester, Kentucky (FCI-Mancester), brings this action to recover $3,430 seized from him in connection with an arrest. Plaintiff also seeks punitive damages and court costs. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on or about October 8, 2006, he was pulled over for a traffic violation and he was arrested for driving under the influence, possession of marijuana, and for being a felon in possession of a firearm. Plaintiff further alleges that $3,430 was seized from him incident to his arrest. Plaintiff states that he was released on bond, but since his arrest "no charges have been filed."

As noted above, Plaintiff is incarcerated at FCI-Manchester. The Court's records indicate that Plaintiff was convicted, after a jury trial, of conspiracy to distribute over 50 grams of cocaine base, unlawful possession of a firearme by a felon, and two counts of distributing less than 5 grams of cocaine base. *See United States v. James*, Case No. 4:07-cr - 40006 (S.D. Ill.). As a result, he is serving a total of 295 months imprisonment. *Id.* The Court's records further indicate that Plaintiff was arrested on these charges on January 17, 2007 - about 3 months after the events alleged in his

complaint.

**DISCUSSION**

It appears that Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The Seventh Circuit has held that an action under § 1983 based on the Fourth Amendment accrues at the time of the arrest and search. *Giesen*, 956 F.2d at 740 (*citing Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971); *Parks v. Maule*, No. 93 C 6258, 1994 WL 275015, at *3 (N.D.Ill. June 20, 1994).

In this case, the incident in question happened on October 8, 2006; thus his § 1983 action should have been filed within two years, or by October 8, 2008. However, plaintiff did not file this

action until July 24, 2009, over 9 months too late.[1]  Therefore, since plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff should consider his complaint dismissed as frivolous within the meaning of 28 U.S.C. § 1915A(b)(1).  Therefore, plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 4th day of March, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1]Alternatively, the Court notes that when Plaintiff was arrested in January 17, 2007, and federal charges were filed against him, he knew or should have known that the Defendants alleged actions potentially violated his rights.  Even when measured from January 17, 2007, however, the instant action is too late.